PIGGOTT *v.* HANCHETT.

(*Supreme Court, General Term, Second Department.*   February 10, 1890.)

MASTER AND SERVANT—DEFECTIVE APPLIANCES—EVIDENCE.

　　In an action for personal injuries sustained by a laborer in defendant's employ while at work on a circular saw operated by steam, it appeared that plaintiff had had no experience with machinery, and that he had been employed to do whatever work was required of him about defendant's wood-yard, except to saw wood. Plaintiff's evidence was to the effect that on the day of the accident he was put to work at the circular saw by defendant, who gave him no warning or instruction; that the table on which the saw rested was improperly braced; that the foundations were not solid; and that defendant started the machinery with a jerk, causing the table to shake so violently that plaintiff's hand was caught in the saw. *Held* that, as the case had been submitted to the jury under instructions favorable to defendant, their verdict in plaintiff's favor would not be disturbed, though defendant's evidence was that he had never ordered plaintiff to work at the saw, and that the machine was properly braced, and ran without vibrations.

Appeal from circuit court, Richmond county.

Action by Richard Piggott against Lynn H. Hanchett for personal injuries. Plaintiff was employed by defendant, who was engaged in the coal and wood business, to drive a coal-cart, split wood, and do anything he was required to do about the yard, except sawing. Defendant had his wood sawed by a circular saw, which was fastened to a table, and connected by a belt to the motive power. Up to about a week before the accident, the table was inside of the shed, and firmly fastened by spikes and stays to the side of the building, and was operated by horse-power. Defendant was getting new machinery and having a new table built, intending to run the saw by steam-power; and about a week before the accident he had the table removed from inside the building, and "put it out temporarily" in the road-way, about six feet from the side of the house, until the new table should be completed, which was be-

ing built inside the building. As soon as it was removed outside, steam-power was applied, and it had been running by steam at the time of the accident for about a week. Plaintiff had never worked on the circular saw before the accident, and had no knowledge or experience of that or of any other kind of machinery. Plaintiff testified that he had been engaged in carting coal and splitting wood all forenoon; and after he came back from dinner, while engaged in splitting wood in another part of the yard, defendant set him to work to saw wood on the circular saw. He told defendant he knew nothing about it; but defendant said: "Come on, it is easily done. You will get on all right." He gave plaintiff no instructions or warning. Plaintiff sawed a few sticks, and was then called away by defendant to split some more wood, and in about half an hour was again set to work by defendant at the buzz-saw. While cutting the first stick, his hand was caught by the saw, and so severely lacerated that it had to be amputated above the wrist. Plaintiff· also testified that the machine was so imperfectly set up, braced, and supported that it was wholly defective and insufficient; that the road-bed on which it rested was not firm ground, "but consisted of ashes, garbage, tin cans, dirt, sawdust," etc. He further testified that the machine was so adjusted that it could not be operated without standing on a mortar-box, which was a small square box, about 18 inches on top and 8 inches from the ground, and which furnished a very insecure footing. It was only used outside because the ground was low. Plaintiff also stated that, on the second occasion of his sawing, defendant started the machine at 250 revolutions, which caused it to shake and jump more violently than on the first occasion, and that this was the immediate cause of the accident. Plaintiff was in the main corroborated by the testimony of a co-employe. Defendant in his testimony denied that he ever at any time directed the plaintiff to saw wood or to use the circular saw. He stated that his first knowledge that plaintiff had been sawing wood was when he heard plaintiff scream at the time of the accident. In this he was corroborated by another witness. Defendant's evidence was also to the effect that the machine was properly braced, and that it ran without vibration. The judge charged the jury as follows:

"The plaintiff seeks here to recover damages for an injury he received while in the defendant's employ. Now, the fact of his being in the defendant's employ at the time he received his injury does not create any liability on the defendant to respond to the plaintiff. This plaintiff, if he is entitled to recover at all, is entitled to recover only because he has been free from fault himself; and, *secondly*, because the defendant has been at fault. The relation between master and servant, which was the relation between these parties, is this: The servant takes the risk of the employment. It is true that there are some employments which are very hazardous, but if a man enters upon those employments he takes the risks that are incident to them, be they great or small. If he is not willing to incur the risks of the employment, his remedy is to leave it. Therefore, so far as this machine at which plaintiff worked is concerned, he took the risks of operating that machine; and if he was directed by the defendant to operate it, and he thought it was too dangerous, he should have retired from the employment. But, while the employe takes the risks of the employment, there are also certain duties on the master; that is to say, the master is bound to furnish a reasonably safe and suitable machine for the employe to work at. The master is not absolutely responsible that the machine shall be safe or suitable. He is only bound to take care that it shall not be unsafe and unsuitable; in other words, he guaranties that it shall not become so through his negligence. Therefore, if he puts up the machine in proper order and it gets out of repair, unless it exists out of repair so long that if he attended to his business he would have learned that fact, or unless he is notified of it, he is not responsible for it; but if proper care on his part would have, or notification has, informed the master that the machine was out of order and

unsafe, then he is responsible to his employes if they meet with an injury by virtue of that defect, if they themselves are free from negligence. That is the rule of law between master and servant. The servant takes all the risks of the employment, and the only liability that can come from a master to a servant for any injury happening by virtue of the employment is where the master has neglected to take ordinary care that the machinery is safe and suitable. If the machine is unsuitable through the master's negligence, then the master is liable; otherwise not. Now, in an action of this kind, the burden of proof is on the plaintiff to establish affirmatively to your satisfaction two propositions: (1) That he himself was not negligent; (2) that the defendant was at fault. As to the first proposition, he is bound to show you this: That when he went to this work he used the ordinary care which a man in his situation would use for his own protection. If he did that, he discharged the duty which the law imposed upon him; if he did not do so, he was negligent, and cannot recover. What he did under these circumstances is not a question of law for the court to decide; it is something for the jury to decide as a matter of fact. In operating this machine, was he careless or not? If he was not careless, then you go to the second branch of the case; if he was careless, then he cannot recover. If you find that he was not careless,—that he used ordinary care in his own behalf,—you go to the second question in this case, which is the fault of the defendant. Here you have got one sharp question of fact to determine. This plaintiff says that the defendant put him at work there, and put him at work twice. The defendant, on the other hand, swears he did not put him to work at all there. Both parties say that the employment of the plaintiff was for driving carts and splitting wood, not for doing the sawing. Both parties agree in that, but the plaintiff says that the defendant put him to work on this machine, and the defendant denies it, and says he did not. You must determine that first, because, if the defendant did not put him to work at the machine, then, of course, there is no liability here. If he did it in response to the request of the other workmen, the defendant is not responsible for it. But if you find that the plaintiff is correct in that, and find with him on that,—that the defendant did put him to work on the machine,—then you go to the question: Was the machine reasonably safe and secure? Now, there is no criticism made on the machine itself,—that is, the table, the saw, and the tools and appliances,—but the plaintiff's criticism is this: He says substantially that that machine should be securely attached to the ground, or to some object, so that it would render it safe in its place when it is being operated by the power of the engine; and his claim is that it was not so attached, and that by reason of that, when the power was applied to it, it vibrated and jumped up and down to an extent that carried the plaintiff's hand against it. Defendant, on the other hand, insists that it was fastened. Now, of course, the duty of the master depends just as much on the proper putting up of the appliances as on the appliances themselves. It was his duty to put up this machine in such a way that its operation was reasonably safe and secure. If you find, as a matter of fact, that he did not do that, and that the plaintiff, while using care to protect himself, solely by the defect of the machine, met with this accident, then that would justify you in finding the master liable. But if you find, as a matter of fact, that the machine was safely and securely attached there, there was no liability, even though the plaintiff was free from fault. You have got these things to determine,—to say, first, whether the plaintiff was careless or not, so far as himself was concerned. If he was, that ends the case; but if he was not, you go to the second question,—did the defendant put him to work? If not, then the defendant is not liable. But if the defendant did put him to work, then go to the third question,—was that machine reasonably safe and secure? had the master taken care to see that that machine was reasonably safe and secure? If he did, then, though this man was free from fault, still the defendant is not liable.

If he did put him to work, and the plaintiff was free from the negligence, and the machine was insecure, and by that he met with his accident, then the plaintiff is entitled to recover against the defendant, provided the defendant had knowledge of the fact. But if the machine was originally put up safe and secure, then the defendant is not to be charged, if it came out of repair, unless it is shown—which has not been shown in this case—that that existed long enough to apprise him of that fact, or that he was notified of the fact. But it was his duty, of course, in the first instance, to see that it was properly put up, and, if the defect was in the way that it was originally put up there, then, of course, for that defect he would be responsible. The burden of proof is on the plaintiff to establish affirmatively his case, and, if he fails to do it on any point, the defendant is entitled to a verdict. If the plaintiff does satisfy you in this case, he is entitled to compensation for the pain and suffering he has undergone up to this time; and he is entitled, as he can maintain but one action for this injury, to compensation for all the results that the deprivation of this hand may occasion him in the future during the remainder of his life. What that sum is to be, is, of course, left to the good sense, discretion, and in some respects the moderation, of a jury to determine, under the particular circumstances of the case,—the man's calling, the man's age, the man's health, what would be a fair compensation for the pain and suffering he has undergone, and for the results of the deprivation in the future of his hand."

The jury gave plaintiff a verdict for $500; and from a judgment thereon, and an order denying his motion for a new trial, defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Wm. M. Mullen*, for appellant. *Geo. J. Greenfield*, for respondent.

DYKMAN, J. This plaintiff, while at work for the defendant sawing wood by a circular saw operated by steam, had his hand so injured by the saw as to render amputation of the hand necessary. This action is for the recovery of the damages resulting from such injury, and usual questions arising in actions of negligence are involved here. The plaintiff obtained a verdict, and the defendant has appealed. There were sharp disputes in the testimony, and so the whole case became a proper one for the jury. The charge was severely against the plaintiff, and in one respect erroneously so, and laid upon him a burden heavier than the law imposed, yet the burden was sustained, and we cannot disturb the verdict. No errors were committed, and the judgment and order denying a motion for a new trial on the minutes should be affirmed.